IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JENNY M. LEWIS, an individual,<br><br>                  Plaintiff,<br><br>vs.<br><br>SALT LAKE COUNTY, a political subdivision of the State of Utah,<br><br>                  Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S [41] MOTION FOR SANCTIONS**<br><br>Case No. 2:11-CV-01088 DN<br><br>District Judge David Nuffer |

Defendant Salt Lake County (the "County") filed its Motion, and Supporting Memorandum, for Sanctions for Declaration Submitted in Bad Faith (the "Motion")[1] based upon Lewis's purported submission of a bad faith declaration in support of her opposition memorandum to the County's motion for summary judgment. Lewis opposes the County's Motion.[2] After careful review of the pleadings, the parties' memoranda, and the relevant legal authorities, and for the reasons set forth in greater detail below, the County's Motion is DENIED.

## BACKGROUND

Lewis sued the County and alleged, among other things, that during her brief employment with the County, she suffered from a hostile working environment and was terminated in retaliation for her complaints about the work environment. Lewis contends that she made frequently complained to and requested a copy of the County's sexual harassment policy from her immediate supervisor, Claudia McDonald ("McDonald"). Lewis also claims that she left several voicemail messages with the County HR representative, Gaylen Larsen ("Larsen"), in

---

[1] Docket no. 41, filed July 12, 2013.

[2] Plaintiff's Memorandum in Opposition to Defendant's Motion for Sanctions, docket no. 42, filed July 26, 2013.

an effort to speak with Larsen about the purported hostile work environment. Lewis contends that she was finally able to speak to Larsen about her complaints on the morning of Monday October 6, 2008. Lewis was terminated that afternoon by McDonald.

During Lewis's deposition, Lewis testified that Larsen (when they spoke on October 6, 2008) said that she *would speak* to McDonald about Lewis's complaints. After the County filed its motion for summary judgment,[3] Lewis submitted a declaration[4] (the "Declaration") in support of her opposition memorandum[5] in which she stated that Larsen informed Lewis on October 6, 2008 that Larsen had *already spoken* to McDonald in response to Lewis's earlier voicemails. The County contends that this purported contradiction is sanctionable because Lewis's declaration was submitted in bad faith. The County argues that Lewis filed the "sham" declaration because she recognized "the inescapable truth that the only weapons she possesse[d] to defend against the County's summary judgment motion are her unsubstantiated conjecture, self-serving allegations, and, now, changed testimony."[6] Based upon Lewis's purported sham affidavit, the County requests that Lewis's entire declaration be disregarded, that sanctions be imposed against Lewis, and that the County be awarded its costs and fees incurred in filing the Motion.

Lewis opposes the County's Motion and argues that Lewis's declaration does not contradict her prior deposition testimony and that the County misunderstands Lewis's retaliation claim. Lewis also argues that if the County "had competent counsel who could actually ask cogent, clear questions and follow-up on those questions, perhaps they could have anticipated

---

[3] Motion and Memorandum of Law in Support of Motion for Summary Judgment ("Motion for Summary Judgment"), docket no. 31, filed May 8, 2013.

[4] Declaration of Jenny M. Lewis, docket no. 36, filed June 12, 2013, attached as Ex. 1 to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, docket no. 36, filed June 12, 2013.

[5] Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, docket no. 36, filed June 12, 2013.

[6] The County's Motion at 5, docket no. 41.

[Lewis's] testimony."[7] Lewis also requests her costs and fees incurred in responding to the County's Motion.

## Discussion

Rule 56(h) states:

If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court – after notice and a reasonable time to respond – *may* order the submitting party to pay the other party reasonable expenses, including attorney's fees, it incurred as a result.[8]

Whether to impose sanctions is a matter of discretion. The County must show that Lewis's declaration was submitted in bad faith.

The County has failed to prove that Lewis's declaration contradicts her deposition testimony and was submitted in bad faith. Lewis's declaration may appear to be inconsistent with her earlier deposition testimony, but it is not contradictory and might be explained. The County can attempt to impeach Lewis during trial. This is a more appropriate remedy.

This point in Lewis's declaration is not central to her retaliation claim. As explained in greater detail in the order denying the County's motion for summary judgment,[9] Lewis's retaliation claim does not hinge on her testimony about her complaints to Larsen. Lewis testified that she communicated to McDonald her objections about the work environment on several occasions. She also testified that she requested a copy of the County's sexual harassment policy

---

[7] Docket no. 42 at 2, filed July 26, 2013. Both counsel have engaged in unnecessary personal attacks in the briefing. Counsel are reminded that the practice of law should be an honorable one, "characterized at all times by personal courtesy" with the expectation that they "shall treat all other counsel … in a courteous and dignified manner." Utah Standards of Professionalism and Civility, https://www.utcourts.gov/courts/sup/civility.htm, last visited June 27, 2014.

[8] Fed.R.Civ.P. 56(h) (emphasis added).

[9] Memorandum Decision and Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment, docket no. 53, filed June 27, 2014.

from McDonald on several occasions. These are protected activities[10] and also form the basis of Lewis's retaliation claim.

## ORDER

IT IS HEREBY ORDERED that the County's Motion for Sanctions[11] is DENIED.

IT IS FURTHER ORDERED that Lewis's request for her fees and expenses in responding to the County's Motion is DENIED.

Signed June 27, 2014.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[10] *See Miller v. Washington Workplace, Inc.*, 298 F. Supp. 2d 364, 377 (E.D. Va. 2004).

[11] Motion, and Supporting Memorandum, for Sanctions for Declaration Submitted in Bad Faith, docket no. 41, filed July 12, 2013.